■ LEWIS L. BREDIN, Respondent, v. SIDNEY BUCHMAN, Appellant.— Judgment and orders appealed from unanimously reversed and vacated, on the law, on the facts and in the exercise of discretion, with $50 costs and disbursements to plaintiff, plaintiff's motion to strike answer denied, defendant's motion to vacate judgment granted and defendant's motion to modify order of Referee denied without prejudice to such directions in modification thereof as Referee may deem proper and advisable to be made during the taking of the deposition, all on condition, however, that defendant shall appear before Referee on date fixed by the Referee, on at least 10 days' notice to defendant's attorneys, and on further condition that defendant, within 20 days of entry of order hereon, file a surety company undertaking in sum of $10,000 to secure, to extent of such sum, payment of any recovery by plaintiff, to be applied first to payment of such costs and disbursements of action, including costs of reference and of appeals as may be recovered by plaintiff. Upon a failure to comply with the foregoing conditions, plaintiff may move at Special Term for judgment against defendant, with costs, and such judgment may be directed to be entered upon proper proof of plaintiff's causes of action. Incidentally, we note that the present judgment, now reversed and vacated, insofar as it represents a recovery upon the eighth cause of action, is not properly supported by proof of the items of plaintiff's alleged payments, expense and loss. Although the defendant was entitled to move to review the order of the Referee fixing a date for the examination and providing for production of documents and although his motion for this purpose was timely made (see CPLR 3104), it appears that the course of conduct of the defendant and his attorneys from the inception of the disclosure proceedings has been calculated to and did tend to frustrate the completion of such proceedings. In fact, the record discloses a deplorable lack of co-operation between the attorneys and such technical maneuverings and dilatory tactics on the part of the attorneys for both parties as will have a tendency to thwart the proper prosecution of this action. Certainly, the conduct of the defendant and his attorneys may not be condoned but in the interests of justice and on the basis of the aforesaid conditions, the defendant should be given a final opportunity to submit to a completion of his examination and to produce the relevant and material documents and records. (See CPLR 3126.) Concur — Stevens, P. J., Eager, Capozzoli, Markewich and Steuer, JJ.

■ In the Matter of WALTER W. PEGALIS (Admitted as WILLIAM W. PEGALIS), an Attorney.— Motion for reinstatement granted. Concur — Stevens, P. J., Tilzer, McGivern, McNally and Steuer, JJ.

(Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN C. SANDS, Appellant.— Judgment unanimously affirmed. No opinion. The order of this court entered on April 2, 1969 [32 A D 2d 613], is vacated. Concur — Stevens, P. J., Eager, Tilzer, McGivern and Markewich, JJ.

(April 15, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK v. HERIBERTO CABRERA.— Motion to dismiss appeal granted as being abandoned. (Code Crim. Pro., § 535.) Concur — Stevens, P. J., Eager, Capozzoli, Markewich and Steuer, JJ.